2-17-0860, People of the State of Illinois, as well as the Attorney General of the State of Illinois, Mrs. Atlee, the State Department of Recycling, LLC, and Illinois Women's Individual Liability Corporation, and Elizabeth Rents, the Individual Intended Defendant, Mr. Mark A. Love, are being called together. Mr. R. N. T. Gozman. Mr. Lula, on behalf of the Attorney General of the State of Illinois, you may proceed. Thank you very much, Your Honor. Distinguished Members of this Court, good morning. Both the Counsel, Mr. Gozman, and good morning as well. Your Honor, this case is fundamentally different from pretty much every other case that we've cited, any of us have cited in this, in several very important respects. In this case, they sought, they meaning the people of the State of Illinois or the Attorney General, to conduct in part an inspection pursuant to the authority granted, now this is the enabling statute for the IEPA, in part pursuant to 415 ILCS 5-4, not just under 214, but they subincorporated that. We've read the motion and the determination of the court, in fact, the trial court, that the IEPA could participate in this 214 search of the property. So it isn't just a 214 search of a property. Additionally, one of the important issues here, we're talking about a fundamentally, or a fundamentally constitutionally protected right, and the question of a burden, and burden shifting here. Let me ask you, the call, it would have to be your position that the call case does not control? No, it doesn't control for several reasons. I don't, and I've read that case multiple times, and I was a little concerned, because I'm not, I'm not totally convinced whether this court decided that under all, that the state actor issue isn't an issue. Well, that wasn't an issue in the call. The state was not an actor. We determined that just because a court, a judge is a neutral party, he's not a party, the judge is not a party, the judge is neutral. The parties are the state, in your case, and in the call, it was two individuals, private actors. And that's the position I've taken, Your Honor, from Justice Burkett, is that because it is not a state actor, there's a different issue involved here, and it makes that case non-controllable. So is this a case of first impression in our state? I believe so, Judge, and I've searched. I have searched, believe me, and I think the state has equally. Neither party cited Boyd v. United States. Are you familiar with Boyd? Right off the top of my head. Boyd is in 116 U.S., 616, 1886. In that case, the United States Supreme Court applied Fourth Amendment reasoning in a forfeiture proceeding, a non-criminal action. It was a customs case, 29 cases of imported glass were seized. But in that case, the United States Supreme Court applied Fourth Amendment analysis. So assuming, if we were to assume that the Fourth Amendment still applies for the government to state actor, what would the government need to show? Because these are, we're talking a commercy basis, and Barlow, it's an administrative search. Well, you're not contesting that recycling is a highly regulated business, are you? Yes, I don't think it falls into the, well, and it's not recycling, but they would allege. It's a landfill. It's a landfill, and I think, additionally, it's not in the same, I think there's multiple levels that are recognized. Clearly, I mean, when you're dealing with guns and ammunition, that's at the very top. Alcohol is a very highly regulated industry. This sort of, it's more, it is a regulated industry. But I don't know that, this is not, we're not talking a transfer and storage and disposal facility, which, you know, under record falls at a much higher level of regulation by the federal EPA, because they're concentrating toxic waste from all over the place. This was a, my claim is a tax purchaser, first of all. She had, you know, these, even the other party on this case, the state line recycling, is essentially a stranger to the property. She acquired the property that had been, these people apparently are squatters. They don't even have state line recycling, doesn't even have any type of lease from some prior owner. They weren't prior ownership, although the principals of that company were involved in prior ownership of the property. But she has not been in a situation where she even knows what kind of business was being conducted on that property other than you can see in anybody that goes out to it, which the state has subsequently gotten a search warrant, an administrative search warrant, the proper way, that they, you can go out and you can see that there's a lot of clean landfill. We're talking about broken concrete, asphalt, and basically, you know, construction debris. So yes, it would be perfect for it to be a recycling operation. I am not certain that, from my investigation, that there's ever been a recycling operation on that property. My historical investigation, although I don't think it's relevant necessarily to this appeal, but it was a, this was a sand and gravel pit that was operated by a big line company across the street from it, and they were using the sand in part of their processing. And at a certain point, somebody started filling it up. About, oh, 15, 16 years ago, the state put in regulations regarding landfills, which much of the operations that have been conducted on this property long preexisted that. It certainly preexisted my client's contact with it. So it's, to call it highly regulated, I'm not quite certain that it qualifies as said, although it is a regulated industry. I would also say that another point that makes this different from just an ordinary civil case, I mean, they plead for civil penalties. Civil penalties is essentially the, you know, I mean, it's a buzz word for quasi-criminal. It's just like any municipal ordinance. When somebody seeks a violation of the municipal ordinance, and the courts have routinely found the Fourth Amendment analysis to apply in quasi-criminal cases. In this state. Would you agree, though, that a search of the premises, or an inspection, I should say, the premises was relevant to these proceedings? Yes, I don't deny that it's relevant, although I don't believe it was necessary. Because they'd already alleged prior investigations and searches of the premises. In fact, before my client got title to the property, they apparently got an order shutting the premises down, which should be in the records. But it wasn't anywhere in the chain of title that anybody that was doing a diligent inquiry, certainly as a tax buyer, would have found it. And I mean, as her attorney, I have frequently, I look at the viral facts site to find out before she takes properties. I go to the lust site, which is a leaking underground storage tent. These are all public sites that you can go to, to find out if there's some kind of environmental issue involving the property. There's nothing that she could have discovered in the public record because there was a stranger to the chain of title. But they got this order closing down the property down, and then they recorded it as a judgment only. They recorded it as a judgment against this stranger. It was a lessee of the property, not the owner. How would you respond to this argument? Certainly. The case law talks about discovering rules of relevance and reasonableness together with judicial oversight should be sufficient to satisfy Fourth Amendment concerns. How do you respond to that? And that comes basically out of Call and several other cases. It hasn't been extended to this situation, but that's the underlying theme of those holdings. Now, I think the biggest problem that those holdings have in this situation is, you know, the constitutional provisions, both of the state of Illinois and of the federal government, are really clear that they require some kind of reasonable showing evidentially. We're not talking that the search itself or the request is reasonable. We're talking about that there has to be some factual showing, and it's a low burden on these administrative searches because, you know, the state is attached a copy of the proceedings regarding that. But they chose not to, and they did not want to file some kind of affidavit or explanation that would have meant that very simple factual burden. They said, look, we've alleged in our pleadings that this is the case, and therefore it's relevant, and therefore the government should be allowed to conduct a search not only under 214, but dragging in their powers under the enabling statute for the administrative searches. Why don't the allegations of the complaint satisfy that? They're allegations of a complaint, and they're not certified. It's not a verified complaint. If it had been a verified complaint. Then we'd probably be in an entirely different situation. The court could look to factual evidence before, or they could have presented some, But as they did at the motion for the order to compel, or I'm sorry, for the search, they produced some deposition testimony as well. But they chose not to do that. So there was no evidence before the court showing an evidentiary basis. And administrative searches are a low burden. They really are. They're not the same. They do require some particularization, though, as the scope. And that's another issue that 214 really did, in a specific order in this case, did not address. I mean, it was an unbridled, unlimited scope. This is 10.8. It gave the Attorney General and the EPA the discretion as to when and where and exactly how long the search would last as opposed to setting out the particulars in the order. Absolutely. Absolutely. Would that have satisfied? It would have maybe. It wouldn't have gotten us past the probable cause, the low probable cause level. But that's another issue. It is another issue. The Fourth Amendment does not require a probable cause for every infringement on a person's privacy. Would you agree? I would agree. Reasonable relevance, reasonable suspicion, probable cause. So what? I mean, here, it's a, you said, not necessarily highly regulated, but a regulated industry. And the Attorney General acts on behalf of the government to ensure that the EPA can do their job. So why should probable cause be required? Because. According to your argument, the place was shut down and has basically sat there. And the violation, whatever violation existed, must have continued. So the information wasn't, in a normal setting, it might be stale. But here, based upon the facts that were before the court, it appears that the site was still going, was an ongoing problem. Well, actually, though, to the allegations of their pleadings, they are not alleging acts that occurred before my client came in and titled the property. Now, they're probably doing that because they see that they've got maybe a fish that they can hook here. Because as soon as they, as soon as my client came in to title on the property, then they started inspecting it again. And they contacted these squatters, and apparently they tried to get on the property then. And it seems that they might have. But, so, it's, even in a regulated industry, the Fourth Amendment isn't tossed out the window. And, I mean, we've got that, I can't remember the case right off the top of my head, but we cited to it. It deals with the, with the car wreckers. Crow? Yes, Crow. Right, right. And in the car wreckers, the court clearly found that the Fourth Amendment analysis applied in that situation. Now, that was coming up in a criminal context. What we've got here really is essentially a quasi-criminal context. I mean, but we can see that the burden here of, one, eliminating somebody's constitutionally protected rights, both under the state and federal constitution, to not having searches conducted of their property by the government under a government mailing statute, the burden is very light for the state to have come in with an affidavit versus just trying to bulldoze and say, because we filed it, and here, this is the state, files the suit. They are the plaintiff. They're trying to enforce penalties. And then they say, well, but it's just civil in nature, and therefore, forget any constitutional protections that a person should or would have. Because we're a civil plaintiff just like any other civil plaintiff. Well, that's a bunch of hoo-ya. Because my client could never sue under the EPA Act, the State Environmental Protection Act, to enforce it. Nobody but the state has the power to do that. And so it's not just, I mean, in fact, this is one of those cases early on. I learned my chagrin. We could not get a jury. Why? Because it's not an action in common law. Of course not, it isn't. Just to clarify, is your constitutional challenge to Rule 214 as applied to your client in this situation? Is it to Section 4D of the Environmental Protection Act? I think it's... As applied or facially? I mean, specify what your challenge is. Okay. I think, and this is the... May I continue? Go ahead. Okay. This is one of those situations where the case law seems to say that it's either facial or it's as applied, like a light switch. And I have not found any that talk about hybrids. Well, you're challenging, within your challenge to the order, you are challenging the regulatory scheme because the Attorney General cites that as their authority for the search, correct? Only to the extent that... You see, that regulatory scheme says, to the extent of constitutional limitations. Does that say in the statute? I believe it does if we're taking in the Fourth Amendment in Article 1, Section 6 of the state constitution. And, in fact, there was a presentation put on by Assistant Counsel for Illinois EPA, James Kropid, a year ago to the Land Waste, I can't remember, Association for the State of Illinois. Where, in fact, he talks about the application of both Camaro and Barlow to these types of situations if people say no. So, I mean, at least he's telling these local land enforcement people that they should follow those constitutional provisions. That's not the position the Attorney General took in this case. Right, but you're saying that by incorporating the language of constitutional limitations, that would be enough to save it from a facial challenge. Yes, if that means that it incorporates the Fourth in Article 1, Section 6. If it just means that it's the position that they took before the trial court here. That those don't apply and they can do it without any type of search or showing facts. I mean, the evasion here is, maybe in this case it doesn't amount to a lot because we've already had the search. But the burden on the government to meet that low threshold is so low. And when they're the plaintiff in a case, and when they're sitting under a quasi-criminal statute where they are the plaintiff and they're the only people that have the power to enforce this. I mean, that, it opens the door to a lot. That's the problem I have with this situation. Thank you very much. Thank you, Mr. Rouleau. Do we have time on rebuttal? Do we have time on rebuttal? Mr. Dozman, on behalf of the Attorney General's office, do you call him? May it please the Court, I'm Assistant Attorney General Aaron Dozman and I represent the people of the State of Illinois. The only question on this appeal is whether the circuit court abused its discretion when it granted the Attorney General and her representatives access to Reince's property under Rule 214. Well, incorporated within that general question, maybe we can begin where he left off. If you have a situation where there's no verified complaint, there's no affidavit attached, I'll give you an example. There's admittedly no probable cause and maybe the information is stale. Is there a potential for some serious abuse here if somebody's property can be searched merely by a civil complaint? No, Your Honor. I think filing a civil complaint is a more onerous process than seeking an administrative inspection warrant. The mere filing of a complaint is an onerous burden? We are still subject to Rule 137 sanctions. Illinois is a fact pleading jurisdiction. We still have to ultimately have a good faith basis for that, which we are presumed to act in accordance with. And the discovery protections under Article 2 still apply. If we file a complaint, it doesn't automatically open the door. The circuit court still has oversight over discovery at that point. So there's no automatic runaround of a search requirement. Yeah, but you're still going under the rule. You're not providing any verification, any affidavits. Was there a reason that wasn't done in this case? I don't think we needed to do that. There's no requirement that we file an affidavit in support of civil discovery in this case. But generally, a complaint still has a basis in fact for us to file. Do you believe that the Call case is controlling? Absolutely. Why is that? It involved private parties. It involved private parties, but I think the status of the parties, whether it's a private actor or a governmental entity litigating, is irrelevant because the court is the authority that grants access to the land. In your brief, page 18, you say there's no constitutional issues. No constitutional issues are implicated where a circuit court orders reasonable, relevant discovery, even if the governmental party requests it. But you cite no authority for that proposition. I think that's supported by your 2016 decision in Carlson v. Jerusalem and in Call v. Call. How so? Because the touchstone of the Fourth Amendment is reasonableness, and that's underlying both Call and Carlson. Are you familiar with Boyd v. United States? Your Honor, I'm not familiar with that, but I am familiar with civil forfeiture cases somewhat, and I think that context is a little different. I think the procedure in civil forfeiture proceeding is not a – well, it's not an issue here, but I'm not as familiar with that kind of proceeding, but I see that that comes up a lot when the government seizes assets in a civil forfeiture. Not the case here. That's as intelligently as I can speak on civil forfeiture cases, but I think they are categorically different. Actually, if you go and look at – on Wessel and Nax, look at Boyd, you'll see a red flag. But my review shows that it's never been overruled. The only time it's been questioned has been by lower courts. But in Boyd, the United States Supreme Court applied Fourth Amendment analysis to a subpoena and struck down the regulatory scheme that the government was relying upon. Why is that different than this case? And in this case, just like in Boyd, although Boyd was also a civil case, you're seeking fines. Tens of thousands of dollars in fines. Correct? Correct. And you say that that doesn't matter, that the government is seeking tens of thousands of dollars in fines. This is just a routine civil case. Could a private party seek tens of thousands of dollars against the defendant here? In environmental action, I don't think we have a citizen suit provision. But it's only the government that can do this, right? Correct. So you're not just simply like any other private party, correct? We are like any other private party because we are using the civil discovery procedures under the Illinois Supreme Court rules, and that's what conducts our behavior and offers protections to the defendant also in this case, which although they didn't seek to limit discovery in any way in this case, they just raised a categorical bar to us ever proceeding onto the land. Rule 214 gives civil litigants access to real property when it's relevant to the subject matter of the litigation. The piece of evidence in this case is the property, and our attorneys cannot go onto the property because they believe that it requires also a warrant. That is not what Rule 214 provides, and the Fourth Amendment doesn't graft onto the Supreme Court rules any additional hurdles for government litigants. Go ahead. The court is still overseeing the entire process. Is the court there on site when the inspection takes place? No, but it's not... Historically, because of the power of the government, courts have required a greater showing than private parties must make in order to conduct a search or an inspection or the production of documents. Would you agree with that? Subject only to issues of privilege, correct? I don't know that that's... Well, you should know because you are here arguing a Fourth Amendment issue. That's why it's the power of the government. Therefore, we require a greater showing of need. With respect to a private party, it's relevance and reasonableness. With respect to the government, it's higher because of the power of the government. That's just textual knowledge regarding the Fourth Amendment analysis. I haven't seen a case that puts that burden on us, but if the circuit court believes that that is the case, the circuit court can curtail whatever we're looking for. If the defendant has objections to the scope of our discovery request, the circuit court is the one in the best position to take that consideration. Are there limitations on the scope or the time or the duration of the search? Where in that order? I read the order. I didn't see anything in there. There are none in the order because the defendant didn't ask for any. The defendant's one argument was that, no, the Fourth Amendment... Applies. Applies, and I don't know if that meant that we should also get a warrant, which I don't believe attorneys even... I'm unaware of authority that says that attorneys need warrants to conduct discovery. With respect to the Act, where in the Act can we find language requiring notice to the owner of specifics as to time, place, and scope of the search? With regards to Section 4, Your Honor, that... All I'm going to say about Section 4 is that to the extent it's involved in this case, the IPA went and got an administrative inspection warrant, which should remove any issue about Section 4's involvement in this case. Well, it's involved in the case because your discovery request cited as your reason for bringing the EPA with you onto the premises. I wouldn't say it was the reason, Your Honor. We were being over-inclusive in our request. We need to bring the EPA onto the property. So my question is, to what extent are we supposed to be looking at just the discovery issue here and the constitutional implications of that? Or are we supposed to be expanding our analysis to Section 4D and bringing in all the Crow issues that come along with it? Your Honor, this is a straightforward discovery dispute under Rule 214. In our opinion, that is the sole basis in the circuit court's order. And you're arguing now that you're not relying on 4D for your inspection at all? No, and I don't think it was a fair... When you say no, I just want to make sure I get that correct. Yes. Is that your argument? That's our argument. Just discovery, not 4D. Exactly. And to the extent that's been involved, there was an administrative inspection warrant. We still have not, the Attorney General's Office has not been onto the property, and we need to inspect the property because it is the piece of evidence in this case. And we are also not the experts. We are not scientists. And it is the EPA who investigates and has oversight under the Act who referred the case to us, and we need their expertise to guide our understanding of this key piece of evidence in this case. Is this business a highly regulated business? An unpermitted to landfill business, yes. I am unaware of that entire history that Counsel for Reince brought up today. What is alleged in the complaint is that Reince became the owner of the property. She has her own liability under the Act, and there was an unpermitted landfill being operated. This Court has no further questions. Counsel indicated that the burden on you is so low to get an inspection of this property, set that aside for the discovery rules. I mean, why should we be expanding the discovery rules to allow government inspection under just straight discovery relevance and a reasonableness? I don't think that's true, Your Honor. We need to show relevance. Civil discovery has always been guided by relevance, relevant discovery of evidence to prove of our civil crimes. And if there's an objection, which there were none in this case, that would be considered by the circuit court. If someone wants to limit the scope, if someone wants a protective order, if someone wants judicial oversight of aspects of discovery, those mechanisms exist in the Illinois Supreme Court rules already, and they just need to take advantage of those. You're seeking an inspection, a search, of these premises, correct? I wouldn't call it a search, Your Honor. We need to inspect the property. You want to go in and look, which is a search. Yes. That's a search. Yes. Under the Fourth Amendment. In Boyd, the court held that compulsory production of a man's private papers, that was a subpoena not for purposes of Fourth Amendment analysis, that this thing doesn't matter. To establish a criminal charge against him or to forfeit his property is within the scope of the Fourth Amendment. And the Supreme Court struck down that regulatory scheme because it did not require a showing of probable cause. Well, I, again, I'm not asking for Boyd. Again, it was a subpoena, not a discovery request, but it's still a vehicle for the government to intrude upon the privacy of a citizen. I don't think that the Illinois, the only mechanism by which we are attempting to discover evidence is under the Illinois Supreme Court rules, and that's the authority that we seek access to the property. And that is all that's done. This is apparently the first time the Attorney General has done this? On this particular piece of property? Filing actions and getting access to property via a discovery order as opposed to an administrative warrant. Is that a practice? Has it been a long-running practice? No, Your Honor. I'm not familiar that we file civil complaints to circumvent warrant requirements. The IEPA is charged with investigating violations of the Act. Those are referred to us for enforcement in court to our office. And the record shows that your office tried to get compliance, correct? Tried to get access, and it was denied. Counsel indicated in, I think, an email that they were going to challenge the statute, correct? Yeah, we issued discovery, and that was our request to enter the property. Nobody, no, not the Attorney General's office, nor the IEPA ever entered the property without some kind of court permission. Nobody cut a lock. Nobody barged in. One thing. No, my point was you did seek to resolve discovery issues with counsel, correct? Twice, Your Honor, yes, as the Supreme Court rules require us to do. If the court would like further briefing on the Boyd case, we'd be happy to provide that if this court wants that. We'll take that under advisement. Thank you. The last thing I'll say with regard to civil penalties and the continuing obligation to view the property, we've also pleaded injunctive relief, and the scope of the injunctive relief is going to be guided by the current state of the property, and that is about the prospective remedying of the unpermitted landfill. I think counsel conceded that inspection is relevant to this proceeding. Yes. Yes, Your Honor. Speaking of inspections, you say in the brief that really the 2015 and 2016 inspections are really not relevant. Is that the case? Because they seem both parties have talked about them here. They're relevant in that they formed, I think, the basis for the IEPA to establish. IEPA. IEPA. I say IEPA, Your Honor. The Illinois Environmental Protection Agency to establish and find violations and to refer to us. So, yes, that's the good basis that we brought the lawsuit in the first place. The court has no further questions. I think so. Thank you, Mr. Dozier. We ask that you affirm the contempt order. Mr. Aloha, you may approach on rebuttal. Thank you very much. I think there's a couple of issues that need to be addressed. They're not just asking to look at the property. If you look to A89173 on the appendix to our initial brief, which would be the Commonwealth Record, page 244, the motion in paragraph one asks for an order compelling Elizabeth Lorenz to, and then it goes through who, it says, including any buildings, trailers, and fixtures thereupon, and to allow representatives of the IEPA, Illinois Environmental Protection, to accompany the Attorney General's representatives and conduct an inspection pursuant to their authority. And it says 415 ILCS 5 slash 4. And so they're not, this search, contrary to what they've been trying to represent here, is not just about the property. There's a trailer, construction-type trailer around the premises, and they want access, I think, probably to go in there and see what kind of business records may have existed by the preexisting owners that may still be there. And that's what they're seeking here as well. And they're asking to bring on not just Attorney General representatives, but specifically the enforcement branch of the state of Illinois that has an enabling statute that allows them to get administrative warrants subject to constitutional limitations. That by itself, I mean, the IEPA is the one who referred the case to the Attorney General. If you have a bunch of Assistant Attorney Generals stumbling around this property, they wouldn't know a violation from, you know, the man in the movie. So they need experts to say that's a violation, that's not a violation. So, I mean, the fact that they're going to bring people with them is really no consequence. But citing 4B, which is the inspection provisions of the Act, may bring it into your argument. Well, and beyond that, they're not talking about just inspecting the premises, which is what they've been talking about. That's the representations they've been making here. But that's not just it. They want to go into file cabinets. They want to go into a building that was locked. My client didn't have the keys to it even. This is what they want to do in addition to just looking at the condition of the premises, which they've argued is relevant. So the scope isn't limited to just some kind of a visual inspection is what you're saying? No, and probably they could go beyond that. They could probably try and do soil borings and a whole bunch of other things. But they would be able to do that under an administrative search warrant. But the point here is they did not even make the very limited attempt to somehow support that this was a factually supported search, that there was that low threshold of we think there might be something there by affidavit. Going back, our constitutional provisions say supported by an oath or affirmation and particularly describing the place to be searched, persons or things to be seized. That's the fourth one. And then the state one says almost identically, let's see, no marginal issue without probable cause supported by affidavit. Again, particularly describing. So really, even if the motion to compel had had some facts in it and had an affidavit attached. If it had an affidavit attached by somebody. I mean, the pleadings are hearsay. Yes, we as attorneys have a good faith obligation under 137 to check the facts out. But that doesn't mean, and that's why there's trials. It doesn't mean the facts are true. It means that we aren't just throwing out any garbage at the court and hoping something sticks. But that's still hearsay. I mean, they have, as they're claiming, the administrative body is their referring body. They have access to all of the people that have been out there before and why they would need to do this for the case. I mean, you saw how simple it was for them to get the administrative form. I don't know why. I broached this with the trial counsel. I said, why don't you just get an affidavit? Why are you doing this? Because we don't have to comply with the Fourth Amendment. That was the position they've taken throughout this entire proceeding, and they're still taking that now. Thank you very much. Okay. They're taking the position that the Fourth Amendment doesn't come in. The crazy thing about this is this is a civil proceeding only because the government calls it a civil proceeding. It's a civil proceeding that's seeking fines against a partner, which is not your ordinary civil proceeding. It's a civil proceeding that can only be enforced by the government, that the government filed this action, and now they're trying to avoid the Fourth Amendment in order to do what if it were treated as a criminal or quasi-criminal proceeding, they would clearly have to meet those requirements. For all of these reasons, we believe that the order of the trial court compelling his rents should be vacated. And if this court finds, though, that it shouldn't be vacated, that we ask that you would instruct the trial court to vacate the order of contempt so that she could comply with the finding of this court. Thank you very much. Thank you. I'd like to thank both sides for the quality of their arguments here this morning. The matter will, of course, be taken under advisement and a written decision will issue in due course. We'll stand in brief adjournment to prepare for the next case.